In the Matter of KING MEMORIAL HOSPITAL, INC. and Florida Hospital Group, Inc., Debtors.

Robert A. SCHATZMAN and Justin P. Havee, Co-Trustees of King Memorial Hospital, Inc. and Florida Hospital Group, Inc., Plaintiffs,

v.

NOVA HOSPITAL GROUP, INC., Miami Capital Development, Inc., David Napier, Sarah Napier, Thomas L. James, Dora James, Fire Tech, Inc., a Florida corporation, Richard J. Potash, and Mack Air Conditioning, Inc., a Florida corporation, Defendants.

Bankruptcy No. 79–01220–BKC–SMW. Adv. No. 82–0243–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Feb. 17, 1983.

Gary C. Matzner, Miami, Fla., for plaintiffs.

Gerald A. Williams, West Palm Beach, Fla., for James.

Richard J. Potash, North Miami, Fla., for Potash.

George A. Williams, Miami, Fla., for Miami Capitol.

## FINDINGS OF FACT CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER came on before the Court on the ___ day of _____, 1983, for trial of the issues raised by the Complaint of the Plaintiffs, ROBERT A. SCHATZ-MAN and JUSTIN P. HAVEE, Co-Trustees of KING MEMORIAL HOSPITAL, INC. and FLORIDA HOSPITAL GROUP, INC. (Co-Trustees), the Counterclaim of the Defendant, MIAMI CAPITAL DEVELOPMENT, INC. (Miami Capital) and the responsive pleadings of the Defendants, THOMAS L. JAMES and DORA JAMES (Jameses). The other Defendants have failed to timely respond and a default has accordingly been entered against them.

Miami Capital having failed to serve its Crossclaim upon the Napiers, this Court is without jurisdiction over said Defendants as to the Crossclaim.

The Co-Trustees, in a multi-count Complaint, have sought to foreclose their mortgage and security agreement against the real and personal property of the Defendant, NOVA HOSPITAL GROUP, INC. (Nova), and to recover under the terms of their promissory note executed by Nova in favor of the Co-Trustees. The Co-Trustees have also sought to establish the liability of the Jameses and Defendants, DAVID NAPIER and SARAH NAPIER (Napiers), as guarantors of the promissory note.

In additional counts, the Co-Trustees seek the Court: to enter declaratory judgment as to the Co-Trustees' entitlement to the existing exemption from the Certificate of Need laws of the State of Florida to commence construction of a 126-bed replacement facility; to determine that the Agreement For Purchase and Sale of Assets, As Amended (Agreement), between the Co-Trustees and Nova has been breached by Nova and, thereupon, to determine that the Co-Trustees are entitled to rescission thereof; to award possession of the personal property subject to the Co-Trustees' security interest; and to enter judgment for money damages and attorney's fees against Nova.

Miami Capital, who claims a mortgage and security interest in and to the subject real and personal property, crossclaimed against the other Defendants to foreclose its mortgage and security interest as against the real and personal property owned by Nova to recover under the terms

of its promissory note executed by Nova. Miami Capital also sought to establish the liability of the Napiers as guarantors of the promissory note and to recover money damages and attorney's fees as against Nova.

Miami Capital counterclaimed against the Co-Trustees to determine the relative priorities as to each's mortgage and security interest.

This Court notes that, subsequent to the transactions at issue, on or about May 5, 1982, Nova changed its name to Peninsula Community Hospital, Inc. This name change does not alter or affect this Court's Findings and Conclusions.

At the time of Trial, the Co-Trustees and Miami Capital joined in an ore tenus motion to determine that each's mortgage and security interest were perfected simultaneously with the other and were, therefore, pari passu each to the other. The motion resolved the issue raised by Miami Capital's Counterclaim. This Court does hereby grant the ore tenus joint motion and does hereby find that said interests are pari passu each with the same dignity and priority as the other.

### FINDINGS OF FACT

1. The Plaintiffs, duly qualified and acting in their capacity as Co-Trustees, filed this Adversary Proceeding within the meaning of Bankruptcy Rule 701.

2. Nova is a Florida corporation organized under the laws of the State of Florida with its principal place of business located in Dade County, Florida.

3. The Napiers and the Jameses are residents of Dade County, Florida, and in all respects are sui juris.

4. On September 30, 1981, Nova executed and delivered a promissory note, mortgage and security agreement to Plaintiffs. The mortgage was recorded on October 23, 1981, in Official Records Book 11250 at Page 833 of the Public Records of Dade County, Florida. Plaintiffs duly perfected their security interest under the security agreement by the timely filing of a Financing Statement. Plaintiffs own and hold the promissory note, mortgage and security

agreement, and the property is now owned by Nova, who holds possession. Nova has failed to make the payment due on December 30, 1981, under the promissory note, mortgage and security agreement.

5. The property which served as collateral under the security agreement is located at 14310 N.W. 22nd Avenue, Opa Locka, Florida 33054, and is detained by Nova, who came into possession of the property by the purchase thereof and detains the property because it is income producing. The property has not been taken for any tax, assessment or fine pursuant to law, or under an execution or attachment against Plaintiffs' property. Nova refuses to permit Plaintiffs to take possession of said collateral, although Plaintiffs have demanded possession thereof.

6. Defendant, FIRE TECH, INC., filed a Claim of Lien on March 22, 1982, recorded in Official Records Book 11386 at Page 1052 of the Public Records of Dade County, Florida, in the amount of $2,216.97 against Nova.

7. Defendant, MACK AIR CONDITIONING, INC., filed a Lis Pendens on June 28, 1982, recorded in Official Records Book 11482 at Page 2032, and a Final Judgment on October 19, 1982, recorded in Official Records Book 11584 at Page 2880, County Court Case No. 82–12228, in the amount of $1,450.05, both of the Public Records of Dade County, Florida, against Nova.

8. Nova, the Napiers and the Jameses executed the Plaintiffs' Guaranty of Note. After Nova defaulted on the promissory note, demand for payment was made by Plaintiffs, and Nova, the Napiers and the Jameses have refused to make payment.

9. On or about the 8th day of October, 1980, Plaintiffs entered into the agreement, which was subsequently approved by this Court on or about the 17th day of November, 1980. Plaintiffs have performed all conditions precedent under the Agreement, which provided, *inter alia,* that, if the Plaintiffs were successful in their then pending litigation with the Department of Health and Rehabilitative Services, State of Florida, in upholding the hospital's exemption

from Certificate of Need laws of the State of Florida to build an approximately 126-bed replacement facility, then Nova agreed to pay the Plaintiffs additional consideration in the sum of One Thousand Five Hundred Dollars ($1,500.00) per licensed bed acquired. These monies were to be paid in three (3) equal annual installments, with the first installment due and payable six (6) months from the date acquired.

10. Plaintiffs commenced an Adversary Proceeding, Case No. 80–0129–BKC–SMW–A, against the Department of Health and Rehabilitative Services, State of Florida, to determine Plaintiffs' rights to an exemption from Certificate of Need laws to enable the Plaintiffs to commence construction of a 127-bed replacement facility for KING MEMORIAL HOSPITAL, INC. Pursuant to Order of this Court dated April 30, 1982, it was determined that Plaintiffs were, in fact, entitled to the exemption from Certificate of Need to commence construction of a 126-bed replacement facility. The Order of the Court and the litigation were brought in the name of KING MEMORIAL HOSPITAL, INC. and FLORIDA HOSPITAL GROUP, INC. by the Plaintiffs.

11. On September 30, 1981, Nova executed and delivered a promissory note, mortgage and security agreement to Miami Capital. The mortgage was recorded on October 1, 1981, in Official Records Book 11241, at Page 742, of the Public Records of Dade County, Florida. Miami Capital owns and holds the note, mortgage and security agreement. The security interest was duly perfected by the timely filing of a Financing Statement. Nova has failed to make the payment due February, 1982, under the note, mortgage and security agreement and all subsequent payments, and is in default thereof.

### CONCLUSIONS OF LAW

12. This Court has jurisdiction over the subject matter of this Adversary Proceeding and over the parties pursuant to 28 U.S.C. § 1471. The Debtors, having filed a Petition on October 2, 1979, this case is subject to the United States Bankruptcy Code.

13. Defendant, RICHARD J. POTASH, has no claim or interest in the subject property and is not a proper party to this action and is dismissed as a Defendant in this cause.

14. Nova is in default on the Plaintiffs' and Miami Capital's notes, mortgages and security agreements. The Plaintiffs and Miami Capital are entitled to a final judgment of foreclosure on their respective mortgages and security agreements, a judgment on their respective notes, and to take joint possession of the collateral under the security agreements. Plaintiffs and Miami Capital hold a lien for the total sum due superior to any claim or estate of Nova, the Napiers, the Jameses, FIRE TECH, INC. or MACK AIR CONDITIONING, INC. on the real property located in Dade County, Florida, as described in the Complaint.

15. Nova, the Napiers and the Jameses are in default on the Plaintiffs' Guaranty of Note, and Plaintiffs are entitled to a judgment on the Guaranty of Note.

16. The Plaintiffs seek a determination as to their rights to the exemption from Certificate of Need laws. As a predicate to that determination, this Court would first state that the current 27-bed hospital facility is closed and shall remain closed pursuant to a Final Order of the Secretary of the Department of Health and Rehabilitative Services, State of Florida, (Secretary) and that such action by the Secretary would not impinge upon the jurisdiction of this Court as to the exemption from the Certificate of Need to construct a 126-bed replacement facility. See *In Re: King Memorial Hospital, Inc. and Florida Hospital Group, Inc., Debtors, Robert A. Schatzman, as Co-Trustee of King Memorial Hospital, Inc. and Florida Hospital Group, Inc. vs. Department of Health and Rehabilitative Services, State of Florida,* Case No. 82–0972–BKC–SMW–A (Southern District of Florida, order dated 12/7/82).

It is this Court's determination that the Plaintiffs shall have the right to proceed to construct or otherwise dispose of the right to build the 126-bed replacement facility, subject to the jurisdiction of this

Court. In view of the fact that this adversary proceeding was necessitated by the failure of Nova to proceed to construct the 126-bed hospital facility pursuant to the schedule submitted to the Court, it will be necessary for the Plaintiffs, with notice to the Department of Health and Rehabilitative Services, to advise the Court of any revisions to the schedule.

17. The Plaintiffs also seek money damages for the default by Nova of the Agreement. This Court concludes that the Plaintiffs may elect either to utilize the exemption by building a hospital or disposing of the exemption, or, in the alternative, recover money damages from Nova.

18. The Plaintiffs and Miami Capital are entitled to attorney fees, and the Court will reserve ruling as to the amount pending further hearings on this matter.

19. A judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.